UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------------- X
FEDERAL HOME LOAN BANK OF
PITTSBURGH,                                   :
                                              :
                 Plaintiff,                   :
                                              :   Civil Action No. _____
          v.                                  :
                                              :
COUNTRYWIDE SECURITIES                        :   **NOTICE OF REMOVAL**
CORPORATION, COUNTRYWIDE                      :
HOME LOANS, INC., CWALT, INC.,                :
CWMBS, INC., COUNTRYWIDE                      :
FINANCIAL CORPORATION,                        :
MOODY'S CORPORATION,                          :
MOODY'S INVESTORS SERVICE,                    X
INC., THE MCGRAW-HILL COMPANIES, INC.,
and FITCH, INC.,

                 Defendants.
--------------------------------------------------------------

PLEASE TAKE NOTICE that, on this date, Defendants Countrywide Securities

Corporation, Countrywide Home Loans, Inc., CWALT, Inc., CWMBS, Inc., and Countrywide

Financial Corporation (collectively, the "Countrywide Defendants") and Moody's Corporation,

Moody's Investors Service, Inc., The McGraw-Hill Companies, Inc., and Fitch, Inc.

(collectively, the "Rating Agency Defendants" and, together with the Countrywide Defendants,

the "Removing Defendants"), appearing specially for purposes of removal only, hereby remove

the above-captioned case pending in the Court of Common Pleas of Allegheny County,

Pennsylvania, to the United States District Court for the Western District of Pennsylvania.[1]  The

grounds for removal are set forth below.

---

[1]   The Removing Defendants specially appear only for the purpose of removal.  They reserve
all defenses, jurisdictional or otherwise, available to them.

## SUMMARY

1.      This Court has original jurisdiction over this matter under 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"), and all claims and causes of action in the matter may be removed to this Court under 28 U.S.C. § 1453.

2.      This Court also has original jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) because this matter is related to a pending bankruptcy proceeding, and all claims and causes of action in the matter may be removed to this Court under 28 U.S.C. § 1452.

3.      This Court also has original jurisdiction over this matter pursuant to the charter of plaintiff Federal Home Loan Bank of Pittsburgh ("Pittsburgh FHLB"), and all claims and causes of action in the matter may be removed to this Court under 28 U.S.C. § 1441.

4.      This Court also has original jurisdiction over this matter under 28 U.S.C. § 1332 on the basis of diversity jurisdiction, and all claims and causes of action in the matter may be removed to this Court under 28 U.S.C. § 1441.

## PROCEDURAL HISTORY

5.      On October 13, 2009, Pittsburgh FHLB filed a summons and complaint in this action in the Court of Common Pleas of Allegheny County, Pennsylvania. The case, entitled <u>Federal Home Loan Bank of Pittsburgh v. Countrywide Securities Corp., et al.</u>, was assigned case number GD-09-018482.

6.      The earliest date that Plaintiff served any of the Removing Defendants is on or about October 19, 2009. More specifically, Plaintiff served CWMBS, Inc., Countrywide Financial Corporation, CWALT, Inc., Countrywide Securities Corporation, and The McGraw Hill Companies, Inc. with the summons and complaint on or about October 19, 2009. Plaintiff served Fitch, Inc. with the summons and complaint on or about October 20, 2009. Plaintiff served Countrywide Home Loans, Inc., Moody's Corporation, and Moody's Investors Service,

2

Inc. with the summons and complaint on or about October 21, 2009. In accordance with 28 U.S.C. § 1446(a), copies of process, pleadings, and orders served upon the Removing Defendants are attached hereto as Exhibit A. A copy of an affidavit of service by mail, filed by Plaintiff and available from the Court of Common Pleas of Allegheny County, Pennsylvania, is attached hereto as Exhibit B.

7.     The Complaint alleges, among other things. that certain prospectuses and other offering materials filed in connection with residential mortgage-backed securities identified by CUSIPs 021469AC5 ("AC5"), 23244EAC1 ("EAC1"), 23246KAB7 ("KAB7"), 02149MAA7 ("MAA7"), and 17025QAJ6 ("QAJ6") (collectively, the "Certificates") contained misstatements and omissions in violation of Sections 11, 12, and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77k, 77*l*, and 77o, the Pennsylvania Securities Act of 1972, 70 P.S. § 1-501, and state common law governing allegations of fraud and negligent misrepresentation. The Removing Defendants dispute that they have any liability whatsoever to Plaintiff.

8.     The Removing Defendants' time to answer the summons and complaint has not expired, and none of the Removing Defendants has served or filed an answer.

9.     No motions or other proceedings in this action are pending in the Court of Common Pleas of Allegheny County, Pennsylvania.

10.     This notice of removal is timely under 28 U.S.C. § 1446(b) and Fed. R. Bankr. P. 9027(a)(3) because it is being filed within thirty (30) days after receipt of the summons and complaint.

## I.     Removal under the Class Action Fairness Act of 2005

11.     This action is removable under 28 U.S.C. § 1453(b) pursuant to CAFA. CAFA provides that "[t]he district courts shall have original jurisdiction of any civil action in which

3

the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).  In turn, CAFA defines the term "class action," for the purpose of removal under 28 U.S.C. § 1453, to encompass "mass actions" like the present action.  28 U.S.C. § 1332(d)(11)(A).

### Mass Action

12.     CAFA defines the term "mass action" for the purpose of removal to federal court to mean "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. § 1332(d)(11)(B)(i).  "[J]urisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a)."  Id.  This case is a removable mass action within the meaning of CAFA.

13.     Plaintiff is one of twelve Federal Home Loan Banks created by Congress under the Federal Home Loan Bank Act of 1932. (Compl. ¶ 32.)  Plaintiff is a cooperative institution that is owned by approximately 320 member financial institutions that are also its primary customers (the "Pittsburgh FHLB members").  (Id. ¶ 1; Federal Home Loan Bank of Pittsburgh, Form 10-Q (filed Aug. 12, 2009) ("Pittsburgh FHLB 10-Q") at 2 (attached hereto as Exhibit C).)

14.     Plaintiff seeks to try jointly as its own claim the claims of its approximately 320 members.  Plaintiff alleges that "the Defendants' conduct has also affected the members of Pittsburgh FHLB and their communities." (Compl. ¶ 263.)  Allegedly "[b]ecause of the conduct of the Defendants (and others), Pittsburgh FHLB announced in late December 2008 that it was suspending its dividends to its members." (Compl. ¶ 264; see also id. ¶ 38

(Pittsburgh FHLB paid dividends "until the losses caused by the Defendants and others forced it to suspend the payment of a dividend in late 2008.").)

15.     The approximately 320 member banks of Pittsburgh FHLB are the true parties in interest in this action.  Removal under CAFA is therefore appropriate because this action seeks to try jointly the claims for monetary relief of more than 100 persons whose claims involve common questions of law and fact.  See, e.g., Louisiana v. Allstate Ins. Co., 536 F.3d 418, 429-30 (5th Cir. 2008) (holding that removal is proper on the ground that individuals not identified as plaintiffs in a complaint by the Louisiana Attorney General are mass action plaintiffs within the meaning of CAFA).

**Minimal Diversity**

16.     This action satisfies CAFA's minimal diversity requirement.  See 28 U.S.C. § 1332(d)(2)(A).  Many of the Pittsburgh FHLB members are citizens of a state different from any defendant.  The Pittsburgh FHLB members maintain their respective principal places of business in Delaware, Pennsylvania, and West Virginia.  (See Pittsburgh FHLB 10-Q at 1.)  On information and belief, 236 of the Pittsburgh FHLB members are citizens of Pennsylvania and 61 are citizens of West Virginia.  (See http://www.fhlb-pgh.com/about-us/our-customers.html (listing the Pittsburgh FHLB members as of October 1, 2009) (attached hereto as Exhibit D).)  No defendant is a citizen of either Pennsylvania or West Virginia.  (See Compl. ¶¶ 2, 4, 6, 8, 10, 14, 16, 19..)

**Amount in Controversy**

17.     This action satisfies CAFA's amount-in-controversy requirement.  See 28 U.S.C. § 1332(d)(2)(A).  The amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.  In that respect, Plaintiff alleges that:

- Certificate AC5, which it purchased in the face amount of $56,055,000, is allegedly trading at 58 percent of par or approximately $23.5 million below its purchase price. (Compl. ¶¶ 67, 261.)

- Certificate EAC1, which it purchased in the face amount of $59,856,999, is allegedly trading at 69 percent of par or approximately $18.6 million below its purchase price. (Id. ¶¶ 77, 261.)

- Certificate KAB7, which it purchased in the face amount of $50,000,000, is allegedly trading at 59 percent of par or $20.5 million below its purchase price. (Id. ¶¶ 87, 261.)

- Certificate MAA7, which it purchased in the face amount of $125,000,000, is allegedly trading at 62 percent of par or $47.5 million below its purchase price. (Id. ¶¶ 98, 261.)

- Certificate QAJ6, which it purchased in the face amount of $75,095,773, is allegedly trading at 68 percent of par or approximately $24.0 million below its purchase price. (Id. ¶¶ 108, 261.)

Plaintiff also alleges that "nonperforming mortgage loans (loans more than 30 days delinquent)" and "seriously delinquent mortgage loans (mortgages more than 90 days delinquent, in bankruptcy, in foreclosure, and that are real estate owned)" have eroded all of the credit enhancement available to protect the Certificates from losses. (Id. ¶¶ 73, 83, 93, 104, 114.) Plaintiff has further alleged that, "[a]s a result, beginning in the fourth quarter of 2008 and continuing through its most recent reporting period, Pittsburgh FHLB has reported an OTTI [other than temporary impairment] adjustment on all of these bonds and, as of June 30, 2009, reported a cumulative credit loss in excess of $9 million and Other Comprehensive Income

losses over $100 million." (Id. ¶ 262.)  Although the Removing Defendants deny that Plaintiff

or any of its constituent members is entitled to recover any amount and specifically deny that

Plaintiff or any of its constituent members is entitled to relief on the basis of the claims asserted

in the Complaint, Plaintiff's alleged loss far exceeds the $5 million amount-in-controversy

requirement.

      18.    In addition, this action satisfies CAFA's mass action amount-in-controversy

requirement.  See 28 U.S.C. § 1332(d)(11)(B)(i).  Original jurisdiction exists over the claims of

the Pittsburgh FHLB members, whose alleged losses are, on average, well in excess of the

minimum amount-in-controversy requirement of $75,000.  See 28 U.S.C. §§ 1332(a),

1332(d)(11)(B)(i).

**No Exceptions Apply**

      19.    Plaintiff has the burden of proving that any exceptions to CAFA apply.

Regardless of who bears the burden, CAFA's exceptions to jurisdiction in 28 U.S.C.

§§ 1332(d)(4), (5), (9), and (11) do not apply here.

      a.    First, the exceptions in Sections 1332(d)(4)(A) and (B) for actions

involving classes consisting largely of citizens of the state in which the action was originally

filed do not apply.  By their terms, Sections 1332(d)(4)(A) and (B) do not apply when no

defendant is a citizen of the state in which the action was originally filed.  See 28 U.S.C.

§§ 1332(d)(4)(A)(i)(II)(cc), 1332(d)(4)(B).  In addition, Section 1332(d)(4)(A) does not apply

when another class action asserting similar factual allegations against any of the defendants has

been filed during the three-year period preceding the filing of the present action.  See 28 U.S.C.

§ 1332(d)(4)(A)(ii).  Here, the exceptions in Sections 1332(d)(4)(A) and (B) do not apply

because, inter alia, (1) none of the defendants in this action is a citizen of Pennsylvania and (2)

another class action has been filed during the three-year period preceding the filing of this action that asserts the same factual allegations against certain of the Removing Defendants, Luther, et al. v. Countrywide Financial Corporation, et al., Lead Case No. BC 380698 (Cal. Super. Ct. (Los Angeles County) filed Nov. 14, 2007).

       b.    Second, the exception in Section 1332(d)(5)(A) does not apply because the defendants are corporate entities, not "States, State officials, or other governmental entities." 28 U.S.C. § 1332(d)(5)(A).

       c.    Third, the exception in Section 1332(d)(5)(B) does not apply because the number of putative class members is alleged to be greater than 100. See 28 U.S.C. § 1332(d)(5)(B). Specifically, Plaintiff seeks to try jointly as its own claim the claims of its approximately 320 members. See supra ¶¶ 13-15.

       d.    Fourth, the exceptions in Section 1332(d)(9) do not apply because this case does not solely involve a claim: (1) concerning a "covered security" under Section 16(f)(3) of the Securities Act, 15 U.S.C. § 78p(f)(3); (2) relating to the internal affairs or governance of a corporation or other form of business enterprise and arising under the laws of the state in which that corporation or business enterprise is incorporated or organized; or (3) relating to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under Section 2(a)(1) of the Securities Act, 15 U.S.C. § 77b(a)(1), and the regulations issued thereunder). See 28 U.S.C. § 1332(d)(9); Katz v. Gerardi, 552 F.3d 558, 562-563 (7th Cir. 2009) (Easterbrook, J.); Estate of Pew v. Cardarelli, 527 F.3d 25, 33 (2d Cir. 2008); N.J. Carpenters Vacation Fund v. HarborView Mortgage Loan Trust 2006-4, 581 F. Supp. 2d 581, 589-90 (S.D.N.Y. 2008).

     e.    <u>Fifth</u>, none of the bases for discretionary declination of jurisdiction under Section 1332(d)(3) applies because none of the defendants in this action is a citizen of Pennsylvania. <u>See</u> 28 U.S.C. § 1332(d)(3); <u>supra</u> ¶ 16 (citing Compl. ¶¶ 2, 4, 6, 8, 10, 14, 16, 19).

     f.    <u>Sixth</u>, none of the other restrictions on federal jurisdiction applies, nor does any exception to the definition of "mass action." <u>See</u> 28 U.S.C. § 1332(d)(11)(B)(ii).

### Section 22(a) Does Not Bar Removal

20.    Section 1453 controls over the anti-removal provision in Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a). Although there is a split in authority among circuits that have considered this issue, the more recent cases hold that Securities Act claims are removable under CAFA. <u>See</u> <u>Katz</u>, 552 F.3d at 562; <u>N.J. Carpenters</u>, 581 F. Supp. 2d at 588 (relying on <u>Estate of Pew</u>, 527 F.3d at 25, and <u>California Pub. Empls.' Ret. Sys. v. WorldCom, Inc.</u>, 368 F.3d 86 (2d Cir. 2004) ("<u>WorldCom</u>")).

21.    Consent to removal is not required under CAFA. <u>See</u> 28 U.S.C. § 1453(b). In any event, all defendants join in this Notice of Removal and consent to the removal of this action to this Court, subject to and without waiving any defenses and rights available to them.

22.    Since the requirements of CAFA are satisfied, the Removing Defendants are entitled to have this case heard in federal court rather than in state court.

## II.    Removal under 28 U.S.C. § 1452 as "Related to" Bankruptcy Proceedings

23.    Removal is proper under 28 U.S.C. § 1452, which provides for "[r]emoval of claims related to bankruptcy cases." Section 1452(a) provides in relevant part that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such a claim or action under § 1334 of this title." Under 28 U.S.C. § 1334(b), this Court has jurisdiction to hear

all civil proceedings that are "related to cases under title 11," which is the United States

Bankruptcy Code.

24.     A case is "related to" a bankruptcy proceeding within the meaning of 28 U.S.C.

§ 1334(b) when "the outcome of that proceeding could conceivably have any effect on the

estate being administered in bankruptcy." In re Combustion Eng'g, 391 F.3d 190, 226 (3d Cir.

2004) (citing Pacor v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984) overruled on other grounds by,

Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 116 S. Ct. 494, 133 L.Ed.2d 461 (1995)).

Moreover, in the Third Circuit, "the proceeding need not be against the debtor or the debtor's

property.  An action is related to bankruptcy if the outcome could alter the debtor's rights,

liabilities, options, or freedom of action (either positively or negatively) and which in any way

impacts upon the handling or administration of the bankrupt estate." Pacor, 743 F.2d at 994.

This action is "related to" the bankruptcy proceedings of American Home Mortgage Holdings,

Inc. ("American Home Holdings").

**Plaintiff's Allegations**

25.     Plaintiff alleges that the mortgage loans underlying the Certificates "were

originated primarily" by Countrywide Home Loans and American Home Mortgage Corporation

("American Home Mortgage").  (Compl. ¶ 137.)  Plaintiff further alleges that "[t]he loans

originated by American Home were also not made according to reasonable underwriting

standards" because (1) "American Home permitted numerous 'exceptions' to its underwriting

standards so that loans could be closed," (2) "American Home's number one policy statement

guideline was to 'obtain the least amount of documentation,'" (3) "American Home placed

restrictions on the due diligence that purchasers could conduct on the loans they sought to

purchase," and (4) "by late 2006, other banks had stopped buying loans from American Home due to the delinquency rates they were seeing in mid-2006." (Id. ¶¶ 194-200.)

### Removing Defendants' Claims

26.     Certain of the Removing Defendants were parties to an agreement with American Home Mortgage in connection with the purchase of mortgage loans underlying the Certificates (the "Purchase Agreement").

27.     On information and belief, American Home Holdings is the parent holding company of American Home Mortgage. On August 6, 2007, American Home Holdings filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. See In re American Home Mortgage Holdings, Inc., No. 07-11047-CSS (Bankr. D. Del. filed Aug. 6, 2007).

28.     In accordance with the provisions of the Purchase Agreement and applicable law, one of the Removing Defendants, Countrywide Home Loans, Inc., has claims against American Home Mortgage for indemnification that arise out of this action (the "Indemnification Claims"). Countrywide Home Loans, Inc. filed a proof of claim for the Indemnification Claims that is currently pending in the bankruptcy proceeding of American Home Holdings.

29.     In accordance with the provisions of the Purchase Agreement and applicable law, Countrywide Home Loans, Inc. has claims against American Home Mortgage for the repurchase of mortgage loans that underlie the Certificates at issue in this action (the "Repurchase Claims"). Countrywide Home Loans, Inc. filed a proof of claim for the Repurchase Claims that is currently pending in the bankruptcy proceeding of American Home Holdings.

30.     Consequently, this action is "related to" the bankruptcy proceeding of American Home Mortgage's parent, American Home Holdings, within the meaning of Section 1334(b).

**Section 22(a) Does Not Bar Removal**

31.     The bankruptcy removal statute controls over the anti-removal provision of Section 22(a) of the Securities Act. See WorldCom, 368 F.3d at 108 ("[W]e hold that generally nonremovable claims brought under the Securities Act of 1933 may be removed to federal court if they come within the purview of 28 U.S.C. § 1452(a), which confers federal jurisdiction over claims that are related to a bankruptcy case."); State of N.J., Dep't of Treasury, Div. of Inv. v. Fuld, Civ. No. 09-1629, 2009 WL 1810356 (D.N.J. June 25, 2009) (holding that WorldCom is persuasive in the absence of Third Circuit authority on the issue).

32.     Consent to removal is not required under the bankruptcy removal statute. See 28 U.S.C. § 1452(a).  In any event, all defendants join in this Notice of Removal and consent to the removal of this action to this Court, subject to and without waiving any defenses and rights available to them.

33.     The Removing Defendants are entitled to have this case heard in federal court rather than in state court because the case is related to bankruptcy proceedings.

**III.    Removal under 28 U.S.C. § 1441**

34.     This action is also removable under 28 U.S.C. § 1441, which provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

**The Federal Home Loan Bank Act**

35.     This Court has original jurisdiction over this matter pursuant to Pittsburgh

FHLB's charter.  That charter is codified in the Federal Home Loan Bank Act, 12 U.S.C.

§ 1421, et seq.  The Act provides that all Federal Home Loan Banks "shall have the power . . .

to sue and be sued, to complain, and to defend, in any court of competent jurisdiction, State or

Federal."  See 12 U.S.C. § 1432(a).  The Supreme Court has held that "a congressional

charter's 'sue and be sued' provision may be read to confer federal court jurisdiction" where, as

here, "it specifically mentions the federal courts."  Am. Nat'l Red Cross v. S.G., 505 U.S. 247,

255 (1992).

**Diversity Jurisdiction**

36.     Removal is proper under CAFA because the 320 member banks of Pittsburgh

FHLB are the true parties in interest in this action.  Alternatively, were this Court to determine

that Pittsburgh FHLB should be considered the true party in interest in this action, then this

Court would have original jurisdiction over this matter under 28 U.S.C. § 1332 on the basis of

diversity jurisdiction.

37.     This action satisfies the complete diversity requirement.  See 28 U.S.C.

§ 1332(a)(1).  Defendants are citizens of California, Delaware, and New York.  (Compl. ¶¶ 2, 4,

6, 8, 10, 14, 16, 19.)  Plaintiff is a citizen of Pennsylvania.

38.     When Congress incorporates a federally chartered corporation as a "body

corporate" of a particular state, then it is a citizen of that state for diversity purposes.  Lehman

Bros. Bank, FSB v. Frank T. Yoder Mortgage, 415 F. Supp. 2d 636, 639-40 (E.D. Va. 2006);

Commercial Fed. Bank v. Dorado Network Sys. Corp., No. 8:05CV391, 2005 WL 2218421, at

*3 (D. Neb. Sept. 13, 2005).  Pittsburgh FHLB has been incorporated as a "body corporate"

located and established in Pennsylvania under the Federal Home Loan Bank Act, 12 U.S.C.

§ 1421, et seq., and Pittsburgh FHLB's organization certificate (attached hereto as Exhibit E). The Act provides that each Federal Home Loan Bank "shall become, as of the date of the execution of its organization certificate, a body corporate." 12 U.S.C. § 1432(a). Pittsburgh FHLB's organization certificate provides that "[t]he location of the principal office of this Bank will be in the City of Pittsburgh, State of Pennsylvania," id. ¶ 2, and that "[t]his Bank shall be established in the City of Pittsburgh, State of Pennsylvania," id. ¶ 3. Here, the plaintiff is the Federal Home Loan Bank of Pittsburgh, Pennsylvania, and Pittsburgh FHLB is thus a citizen of Pennsylvania for diversity purposes.

39.     A separate and independent reason why Pittsburgh FHLB is a citizen of the state of Pennsylvania is that its activities are localized in Pennsylvania. When a federally chartered corporation's activities are sufficiently localized in a given state, despite some out-of-state business activities, then it is a citizen of that state for diversity purposes. Loyola Fed. Sav. Bank v. Fickling, 58 F.3d 603, 606 (11th Cir. 1995). To determine whether a federal corporation is localized for diversity purposes, courts have looked to a number of factors, including: (1) the principal place of business; (2) the existence of branch offices outside of the state; (3) the amount of business transacted in different states; and (4) any other evidence that the corporation is local or national in nature. Id. No single factor is determinative, and the exception is not limited to corporations that conduct all of their activities in one state. Id. Here, Pittsburgh FHLB's activities are localized in Pennsylvania because, among other reasons: (1) its principal place of business is located in Pennsylvania and (2) of its approximately 320 member financial institutions and primary customers, 235 – approximately 74 percent – are located in Pennsylvania. For these reasons, Pittsburgh FHLB is a citizen of Pennsylvania for diversity jurisdiction purposes.

40.     The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. See supra ¶¶ 17-18.

**IV.     Section 22(a) Does Not Bar Removal**

41.     In addition to the grounds for removal described above, Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), does not preclude removal of Plaintiff's claims because Plaintiff's Securities Act claims are time-barred on their face.  As such, there is no reasonable basis in fact or any colorable ground for Plaintiff's claims under the Securities Act and, as a result, they must be disregarded for the purpose of removal.

42.     More specifically, Plaintiff's Securities Act claims are barred by the limitations provision contained in Section 13 of the Securities Act, 15 U.S.C. § 77m, which provides that:

> No action shall be maintained to enforce any liability created under
> section 77k or 77l(a)(2) of this title unless brought within one year
> after the discovery of the untrue statement or the omission, or after
> such discovery should have been made by the exercise of
> reasonable diligence, or, if the action is to enforce a liability
> created under section 77l(a)(1) of this title, unless brought within
> one year after the violation upon which it is based.  In no event
> shall any such action be brought to enforce a liability created under
> section 77k or 77l(a)(1) of this title more than three years after the
> security was bona fide offered to the public, or under section
> 77l(a)(2) of this title more than three years after the sale.

Among other reasons, Plaintiff's Securities Act claims are time-barred because putative class action complaints concerning all the Certificates involved in the present action were filed more than one year ago.  Four of the five offerings in which Pittsburgh FHLB allegedly purchased Certificates were specifically referenced in a class action complaint filed on November 14, 2007, in the California Superior Court for the County of Los Angeles, captioned Luther, et al. v. Countrywide Financial Corporation, et al., Lead Case No. BC 380698 (Cal. Super. Ct. (Los Angeles County)).  The fifth offering in which Pittsburgh FHLB allegedly purchased Certificates was referenced specifically in a class action complaint filed on June 12, 2008, in the California

15

Superior Court for the County of Los Angeles, captioned <u>Washington State Plumbing &</u>

<u>Pipefitting Pension Trust v. Countrywide Financial Corporation, et al.</u>, Case No. BC392571 (Cal.

Super. Ct. (Los Angeles County)).  The <u>Luther</u> and <u>Washington State</u> complaints were then

consolidated.  Like the Complaint in the present action, those two class action complaints

asserted violations of the Securities Act arising out of alleged misrepresentations and omissions

regarding the loan underwriting and origination practices associated with, and the allegedly true

credit quality of, the loans underlying each of the Certificates.  Thus, on the face of Pittsburgh

FHLB's Complaint, the Securities Act claims are time-barred in that – like the plaintiffs in the

<u>Luther</u> and <u>Washington State</u> matters – Pittsburgh FHLB discovered or with the exercise of

reasonable diligence should have discovered more than one year prior to the filing of this action

the alleged facts asserted herein as the basis for its Securities Act claims.

      43.     Plaintiff's Section 11 claims under the Securities Act against at least certain of the

Removing Defendants are also barred because at least certain of the Removing Defendants are

not within the categories of persons who may be sued under Section 11.

## OTHER PROCEDURAL REQUIREMENTS

      44.     Promptly upon the filing of this Notice of Removal, a true copy of this Notice of

Removal will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d) and Fed. R.

Bankr. P. 9027(b).  Pursuant to Fed. R. Civ. P. 5(d), the Removing Defendants will file with

this Court a Certificate of Service of Notice to Adverse Parties of Removal to Federal Court.

      45.     Concurrently with the filing of this Notice of Removal, the Removing

Defendants are filing a Notification of Filing of Notice of Removal with the Prothonotary of the

Court of Common Pleas of Allegheny County, Pennsylvania in accordance with 28 U.S.C.

§ 1446(d).

46.     As required under Fed. R. Bankr. P. 9027(a)(1), the Removing Defendants state that the claims asserted against them are non-core, within the meaning of 28 U.S.C. § 157(b), and that they do not consent to entry of final orders or judgment by a bankruptcy judge.

47.     This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. and Fed. R. Bankr. P. 9011.  See 28 U.S.C. § 1446(a); Fed. R. Bankr. P. 9027.

48.     All Defendants join in this Notice of Removal and consent to the removal of this action to this Court, subject to and without waiving any defenses and rights available to them.

WHEREFORE, this action should proceed in the United States District Court for the Western District of Pennsylvania, as an action properly removed thereto.

Dated:  November 13, 2009

Respectfully submitted,

/s/ Samuel W. Braver
Samuel W. Braver
PA I.D. No. 19682
BUCHANAN INGERSOLL & ROONEY PC
301 Grant Street
One Oxford Centre, 20th Floor
Pittsburgh, Pennsylvania  15219-1410
Telephone:  (412) 562-8939
Facsimile:  (412) 562-1041

Brian E. Pastuszenski
Sarah Heaton Concannon
Daniel Roeser
(*pro hac vice* applications forthcoming)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, Massachusetts  02109
Telephone:  (617) 570-1000
Facsimile:  (617) 523-1231

*Attorneys for Defendants Countrywide Securities Corporation, Countrywide Home Loans, Inc., CWALT, Inc., CWMBS, Inc., and Countrywide Financial Corporation*

/s/ Mark A. Willard
Mark A. Willard
PA I.D. No. 18103
ECKERT SEAMANS CHERIN & MELLOTT,
LLC
U.S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh, Pennsylvania  15219
Telephone:  (412) 566-6171
Facsimile:  (412) 566-6099

Joshua M. Rubins
James J. Coster
James Regan
(*pro hac vice* applications forthcoming)
SATTERLEE STEPHENS BURKE & BURKE
LLP
230 Park Avenue
New York, New York  10169
Telephone:  (212) 818-9200
Facsimile:  (212) 818-9606

*Attorneys for Defendants Moody's Corporation and
Moody's Investors Service, Inc.*

/s/ William M. Wycoff
William M. Wycoff
PA I.D. No. 01119
THORP REED & ARMSTRONG, LLP
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA  15219
Telephone:  (412) 394-7782
Facsimile:  (412) 394-2555

Martin Flumenbaum
Roberta A. Kaplan
Andrew J. Ehrlich
(*pro hac vice* applications forthcoming)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York  10019
Telephone:  (212) 373-3166
Facsimile:  (212) 492-0166

*Attorneys for Defendant Fitch, Inc.*

/s/ Walter P. DeForest
Walter P. DeForest
PA I.D. No. 05009
DEFOREST KOSCELNIK YOKITIS KAPLAN &
BERARDINELLI
3000 Koppers Building
436 Seventh Avenue
Pittsburgh, Pennsylvania  15219
Telephone:  (412) 227-3101
Facsimile:  (412) 227-3130

Floyd Abrams
Susan Buckley
Tammy L. Roy
(*pro hac vice* applications forthcoming)
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, New York  10005
Telephone:  (212) 701-3000
Facsimile:  (212) 269-5420

19

*Attorneys for Defendant The McGraw-Hill Companies, Inc.*

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that the within document was served upon the

following individuals on this 13th day of November, 2009, at the following address:

Walter P. DeForest
DEFOREST KOSCELNIK YOKITIS
KAPLAN & BERARDINELLI
3000 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
deforest@dkykb.com
**Served via e-mail**

Floyd Abrams
Susan Buckley
Tammy L. Roy
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, NY 10005
fabrams@cahill.com
sbuckley@cahill.com
troy@cahill.com
**Served via e-mail**

Mark A. Willard
ECKERT SEAMANS CHERIN
& MELLOTT, LLC
U.S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
mwillard@eckertseamans.com
**Served via e-mail**

Joshua M. Rubins
James J. Coster
James Regan
SATERLEE STEPHENS BURKE
& BURKE LLP
230 Park Avenue
New York, NY 10169
jrubins@ssbb.com
jcoster@ssbb.com
jregan @ssbb.com
**Served via e-mail**

Martin Flumenbaum
Roberta A. Kaplan
Andrew J. Ehrlich
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
mflumenbaum@paulweiss.com
rkaplan@paulweiss.com
aehrlich@paulweiss.com
**Served via e-mail**

Daniel P. Lynch
William J. Wyrick
Lynch Weis, LLC
501 Smith Drive, Ste. 3
Cranberry Township, PA 16066
**Served via Hand Delivery**

/s/ Samuel W. Braver
Samuel W. Braver

#4854720-v1