# EXHIBIT 1

EXHIBIT 1

Page 1

Not Reported in F.Supp.2d, 2008 WL 4508261 (D.N.J.)
(Cite as: 2008 WL 4508261 (D.N.J.))

Only the Westlaw citation is currently available.NOT FOR PUBLICATION

United States District Court, D. New Jersey.
Melvin RAY JR, Plaintiff,
v.
ALBERTSON'S INC., Acme Markets, Inc., William McCarthy, Kathleen Schmidt, and John Doe 1-10, Defendants.
Civil No. 08-2664 (RMB).
Docket No. 5.

Sept. 26, 2008.

B. Eugene Fulghum, Jr., Penberthy & Penberthy, Marlton, NJ, for Plaintiff.

Andrew John Shapren, Buchanan, Ingersoll & Rooney, PC, Philadelphia, PA, for Defendants.

OPINION

BUMB, District Judge.

*1 This matter comes before the Court upon Plaintiff's motion to remand this case to the Superior Court of New Jersey, Camden County.

On February 20, 2007, Plaintiff filed a Complaint in the Superior Court of New Jersey, Camden County, against Albertson's Inc., Acme Markets Inc., William McCarthy, Kathleen Schmidt [FN1] and John Does 1-10. The Complaint states that both Plaintiff and Defendant William McCarthy are citizens of New Jersey.

> FN1. Apparently, Plaintiff voluntarily dismissed Kathleen Schmidt from the case in August 2007. (See Removal [Dkt. No. 1] at ¶ 1, n. 1).

On May 29, 2008, over a year after the Complaint was filed in state court, Defendants removed the matter to this Court pursuant to 28 U.S.C. § 1441. In their Notice of Removal ("Removal"), Defendants stated that the basis for removal was diversity jurisdiction pursuant to 28 U.S.C. § 1332, which requires that the matter in controversy be between citizens of different states. (Removal ¶ 8). Although the parties listed in the Complaint are not diverse (i.e., Plaintiff and Defendant McCarthy are both citizens of New Jersey), Defendants claimed that Plaintiff had "fraudulently joined McCarthy in this action solely to defeat diversity jurisdiction." (Id. at ¶ 7). Defendants argued that "[a]ll of Plaintiff's claims against Defendant McCarthy in this case lack reasonable basis in fact or colorable grounds in support." (Id. at ¶ 12).

Plaintiff now seeks to remand this case to state court. (See Motion to Remand, dated June 30, 2008 [Dkt. No. 5]). In his motion to remand, Plaintiff denies that Defendant McCarthy was fraudulently added to defeat diversity jurisdiction. Rather, Plaintiff claims, "there are reasonable basis in fact supporting the claims and a good faith intention to prosecute the claims against the defendant McCarthy." (Motion at ¶ 2).

A review of the Complaint shows that there are three allegations against Defendant McCarthy, who served as Plaintiff's supervisor for certain periods during Plaintiff's employment with Acme. Plaintiff alleges that McCarthy 1) improperly suspended Plaintiff, 2) harassed Plaintiff, and 3) blocked Plaintiff's appointment to a produce manager position in retaliation for Plaintiff having filed a complaint with the EEOC. (Compl.¶¶ 9, 11, 20). In their opposition to Plaintiff's motion to remand, Defendants argue that the first two allegations are barred by the statute of limitations and that the third allegation is not supported by the evidence, as "McCarthy, a store director, does not have the decision making power to deny a transfer." (Def. Opp. at 1, 2, 4). Thus, Defendants contend that McCarthy was fraudulently joined solely to defeat diversity jurisdiction.

When deciding whether a non-diverse defendant was properly joined, the Court must look to the complaint at the time the petition for removal was filed and assume that all factual allegations in the complaint are true. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-52 (3d Cir.1992). Joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defen-

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

dant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir.1990).* "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.*

*2 While the Court may "pierce the pleadings" to some extent to determine whether there has been fraudulent joinder, the proper inquiry is "far different from the summary judgment type inquiry ..." *Id.* at 112. The Court may not "in the guise of deciding whether the joinder [i]s fraudulent, step[ ] from the threshold jurisdiction issue into a decision on the merits." *Id.* Thus, the question here is not whether Plaintiff's claims against McCarthy will be successful, but, rather, whether Plaintiff has asserted any colorable claim against McCarthy.

Whether or not the statute of limitations bars the first two allegations, this Court finds that Plaintiff's third allegation, as stated in the Complaint, presents a colorable claim against McCarthy. In that allegation, Plaintiff claims that McCarthy "blocked [Plaintiff's] appointment to the position as [Plaintiff] had filed a discrimination complaint with the EEOC." (Compl.¶ 20). While Defendants argue that McCarthy "does not have the decision making power to deny a transfer[,]" such argument goes to the merits of the claim and, at this stage, the Court cannot delve into the merits. (Def. Opp. at 4). Ultimately, Defendants may be correct and Plaintiff may fail to prove this claim, but that is not the question now before this Court.

Thus, the Court finds that Defendants have not met their "heavy burden" to show that McCarthy is a fraudulently-joined party. *Batoff, 977 F.2d at 851.* The presence of non-diverse parties defeats diversity jurisdiction and this Court lacks subject matter jurisdiction. Accordingly, the above-captioned matter must be remanded to the Superior Court of New Jersey, Camden County.

For the aforementioned reasons, this Court holds that the Plaintiff's motion to remand this case is granted. An appropriate Order will issue this date.

D.N.J.,2008.
Ray v. Albertson's Inc.
Not Reported in F.Supp.2d, 2008 WL 4508261 (D.N.J.)

END OF DOCUMENT